**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LUIS DANIEL ANDINO SALGADO,<br><br>*Plaintiff,*<br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., ET AL.,<br><br>*Defendants.* | Cause No.: 3:26-cv-00917-VAB |

**ANSWER TO COMPLAINT**

Defendant Midland Credit Management, Inc. ("MCM"), by counsel, submits the following Answer and Affirmative Defenses ("Answer") in response to the Complaint filed by Plaintiff Luis Daniel Andino Salgado ("Plaintiff").

**JURISDICTION AND VENUE**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

**ANSWER**: **To the extent the allegations set forth in the foregoing paragraph of the Complaint are a characterization of this action, such allegations are not subject to denial or admission. To the extent the allegations are contrary to the law, they are denied as to MCM. MCM specifically denies**

**PARTIES**

2. Plaintiff is a natural person residing in Ansonia, Connecticut, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

**ANSWER**: **MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations in the foregoing paragraph of the**

**Complaint concerning residence and denies the same. As to the remainder of the paragraph, the allegations set forth in the foregoing paragraph of the Complaint contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied as to MCM.**

3. Defendant Midland Credit Management, Inc. ("MCM") is a furnisher of credit information that maintains its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92108.

**ANSWER**: **MCM admits that its principal place of business is located at 350 Camino De La Reina, Ste. 100, San Diego, California 92108. The remainder of the allegations set forth in the foregoing paragraph of the Complaint contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied as to MCM.**

4. MCM can be served through its registered agent, 1505 Corporation CSC - Lawyers Incorporating Service, located at 2710 Gateway Oaks Drive, Sacramento, California 95833.

**ANSWER**: **The allegations set forth in the foregoing paragraph of the Complaint contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied as to MCM. MCM admits that the address in the foregoing paragraph relates to MCM's California agent of service.**

5. Defendant Resurgent Capital Services LP ("Resurgent") is a furnisher of credit information that maintains a principal place of business located at 55 Beattie Place, Suite 110, Greenville, South Carolina 29601.

**ANSWER**: **The allegations set forth in the foregoing paragraph of the Complaint pertain to an entity other than MCM, thus MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations and denies the same.**

6. Resurgent can be served through its registered agent, Corporation Service Company, located at 100 Coastal Drive, Suite 210, Charleston, South Carolina 29492.

**ANSWER: The allegations set forth in the foregoing paragraph of the Complaint pertain to an entity other than MCM, thus MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations and denies the same.**

## JURISDICTION AND VENUE

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p because there exists a federal question concerning the FCRA.

**ANSWER: The allegations set forth in the foregoing paragraph of the Complaint contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied as to MCM.**

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events complained of occurred in this district.

**ANSWER: The allegations set forth in the foregoing paragraph of the Complaint contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied as to MCM.**

## FACTUAL ALLEGATIONS

9. On or about February 9, 2025, Plaintiff applied for a Capital One credit card.

**ANSWER: The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied.**

10. During the application process, he was informed that an account in his name already exists, despite having no knowledge of or involvement in such an account.

**ANSWER: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations in the foregoing paragraph of the Complaint and denies the same.**

11. Concerned, Plaintiff requested a copy of his credit reports from the non-party credit reporting agencies: Equifax, Trans Union, and Experian (collectively, the "CRAs").

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied.**

12. Upon review of his credit reports, Plaintiff was stunned to discover multiple accounts that he did not recognize, authorize, open, or benefit from.

**<u>ANSWER</u>: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations in the foregoing paragraph of the Complaint and denies the same.**

13. The CRAs each reported an account attributed to Defendant MCM with the following information (the "MCM Account"): Original Creditor: The Bank of Missouri; Account No.: ****9326; Date Opened: 03/26/2024; Status: Collection; and Balance: $1,186.00.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied.**

14. The CRAs each also reported an account attributed to Defendant Resurgent with the following information (the "Resurgent Account" and, together with the MCM Account, the "Disputed Fraudulent Accounts"): Original Creditor: Credit One Bank; Account No.: ****6561; Date Opened: 03/21/2024; Status: Collection; and Balance: $642.00.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied.**

15. Plaintiff did not apply for, authorize, consent to, or benefit from the Disputed Fraudulent Accounts.

**ANSWER: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations in the foregoing paragraph of the Complaint and denies the same.**

16. Plaintiff's concern was particularly serious because the Disputed Fraudulent Accounts were opened at a time while Plaintiff was incarcerated, during which time he could not have opened the Disputed Fraudulent Accounts.

**ANSWER: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations in the foregoing paragraph of the Complaint and denies the same.**

17. Plaintiff therefore could not have personally applied for, opened, authorized, used, or benefited from the Disputed Fraudulent Accounts.

**ANSWER: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations in the foregoing paragraph of the Complaint and denies the same.**

18. The CRAs' credit reports also contained telephone numbers that Plaintiff had never used, recognized, or associated with himself, as well as credit inquiries from entities with whom Plaintiff had never applied for credit or otherwise initiated any transaction.

**ANSWER: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations in the foregoing paragraph of the Complaint and denies the same.**

19. On or about February 21, 2025, Plaintiff filed an Identity Theft Report with the Federal Trade Commission ("FTC ID Theft Report"), identifying the Disputed Fraudulent Accounts and related information.

**ANSWER: The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied.**

20. On or about April 15, 2025, Plaintiff contacted The Bank of Missouri regarding the account furnished by Defendant MCM.

**ANSWER: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations in the foregoing paragraph of the Complaint and denies the same.**

21. Plaintiff attempted to speak with a Bank of Missouri representative regarding the Bank of Missouri account associated with Plaintiff's Social Security number.

**ANSWER: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations in the foregoing paragraph of the Complaint and denies the same.**

22. The Bank of Missouri's automated system located an account using Plaintiff's Social Security number and stated that the account had been transferred to MCM.

**ANSWER: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations in the foregoing paragraph of the Complaint and denies the same.**

23. The Bank of Missouri did not provide any information confirming that Plaintiff opened, authorized, used, or benefited from the account.

**ANSWER: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations in the foregoing paragraph of the Complaint and denies the same.**

24. On or about April 15, 2025, Plaintiff also contacted Credit One Bank regarding the account being reported by Defendant Resurgent.

**ANSWER: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations in the foregoing paragraph of the Complaint and denies the same.**

25. Plaintiff spoke with a Credit One Bank representative and inquired about the Credit One Bank account associated with Plaintiff's Social Security number.

**<u>ANSWER</u>: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations in the foregoing paragraph of the Complaint and denies the same.**

26. The Credit One Bank representative located an account using Plaintiff's Social Security number but stated that Credit One Bank did not have information about the account.

**<u>ANSWER</u>: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations in the foregoing paragraph of the Complaint and denies the same.**

27. The Credit One Bank representative instead provided Plaintiff with the telephone number for the collector, LVNV Funding LLC ("LVNV").

**<u>ANSWER</u>: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations in the foregoing paragraph of the Complaint and denies the same.**

28. Plaintiff was shocked because he had never applied for, opened, authorized, used, or benefited from any Bank of Missouri or Credit One Bank account associated with the Disputed Fraudulent Accounts.

**<u>ANSWER</u>: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations in the foregoing paragraph of the Complaint and denies the same.**

29. On or about February 25, 2025, Plaintiff submitted written disputes and block requests to the CRAs, formally disputing the fraudulent account/s and identifying personal information that did not belong to him.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied..**

30. Plaintiff expressly stated that the disputed entries were not his and were the result of identity theft.

**__ANSWER__: The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied..**

31. In support of his disputes, Plaintiff provided sufficient identifying information to locate his credit file, as well as a copy of his FTC ID Theft Report.

**__ANSWER__: The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied..**

32. He also enclosed a list of the fraudulent accounts and addresses, and documentation establishing that the disputed information was inaccurate and did not pertain to him.

**__ANSWER__: The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied.**

33. Plaintiff specifically requested that the CRAs block the reporting of all fraudulent and inaccurate accounts, unauthorized addresses, and personal information from his consumer reports.

**__ANSWER:__ The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied..**

34. On or about March 4, 2025, Equifax sent each Defendant an automated credit dispute verification ("ACDVs") in its reinvestigation of Plaintiff's dispute to Equifax.

**ANSWER**: **The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied.**

35. Upon information and belief, each Defendant failed to adequately review all of the information provided to it by Plaintiff as required by the FCRA.

**ANSWER**: **The allegations set forth in the foregoing paragraph are denied insofar as they are directed to MCM.**

36. Defendants instead improperly verified the disputed information as accurate in response to Equifax's ACDV.

**ANSWER**: **The allegations set forth in the foregoing paragraph are denied insofar as they are directed to MCM.**

37. In fact, while many other furnishers told Equifax that the accounts they reported about Plaintiff were the result of identity theft, in contrast, Defendants verified the accounts as accurate despite inconsistencies in the account's information and Plaintiff's personal identifying information.

**ANSWER**: **The allegations set forth in the foregoing paragraph are denied insofar as they are directed to MCM.**

38. The Defendants did so despite these clear signs of identity theft.

**ANSWER**: **The allegations set forth in the foregoing paragraph are denied insofar as they are directed to MCM.**

39. Plaintiff's dispute made clear he never lived in Pennsylvania, yet Defendants verified the accounts despite the address discrepancy.

**ANSWER**: **The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied.**

40. Further, the names on the accounts for each of the Disputed Fraudulent Accounts were also slightly different than Plaintiff's name, another tell-tale sign of identity theft.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied.**

41. Each Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to recognize that the accounts were the product of identity theft.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph are denied insofar as they are directed to MCM.**

**Plaintiff's Damages**

42. Plaintiff did exactly what he should have done upon realizing he was the victim of identity theft; he filed the FTC ID Theft Report, disputed and requested that the CRAs block the Disputed Fraudulent Accounts, and provided all information reasonably necessary to support his disputes.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied.**

43. Instead, Defendants disregarded Plaintiff's credible and substantiated disputes.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph are denied insofar as they are directed to MCM.**

44. Plaintiff reasonably believes that each Defendant failed to have its respective Disputed Fraudulent Account removed and continued to verify that account as accurate to the CRAs, inaccurately suggesting that Plaintiff was responsible for the account.

**<u>ANSWER</u>: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's "beliefs" in the foregoing paragraph of the Complaint and denies the same.**

45. Defendants are aware of the shortcomings of their respective procedures and intentionally choose not to comply with the FCRA to lower their costs.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph are denied insofar as they are directed to MCM.**

46. Accordingly, Defendants' violations of the FCRA are willful.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph are denied insofar as they are directed to MCM.**

47. As a result of Defendants' conduct, actions, and inactions, Plaintiff suffered damage by loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; reduced overall creditworthiness; the expenditure of time and money disputing and trying to remove the Disputed Fraudulent Accounts that were the product of identity theft; and the expenditure of labor and effort disputing and trying to remove the Disputed Fraudulent Accounts that were the product of identity theft. Plaintiff was even prescribed medications for the physical manifestations of the symptoms he suffered as result of Defendants' FCRA violations.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph are denied.**

48. As a direct result of Defendants' continued reporting of inaccurate and fraudulent information, Plaintiff was denied a credit card by Capital One on or about April 9, 2025.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph are denied.**

49. The denial was based on information furnished by Defendants to CRAs.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph are denied.**

50. Additionally, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish and pain, sleep loss, reputational damage, humiliation, stress, anger, frustration, shock, violation of Plaintiff's right to privacy, fear, worry, anxiety, and embarrassment attendant to being a victim of identity theft whose veracity is doubted, questioned, and disbelieved by Defendants.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph are denied.**

**COUNT I**
**(15 U.S.C. § 1681s-2(b) — Failure to Conduct a Reasonable Investigation)**

51. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully set forth herein.

**ANSWER: MCM incorporates by reference all preceding paragraphs.**

52. Defendants refused to remove information that was apparently the product of identity theft.

**ANSWER: The allegations set forth in the foregoing paragraph are denied insofar as they are directed to MCM.**

53. Each Defendant violated 15 U.S.C. § 1681s-2(b) by failing to investigate Plaintiff's dispute(s), or otherwise by failing to fully and properly investigate Plaintiff's dispute(s), including but not limited to failing to review all relevant information regarding the same; by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to the CRAs; and by failing to cease furnishing inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to the CRAs.

**ANSWER: The allegations set forth in the foregoing paragraph are denied insofar as they are directed to MCM.**

54. Despite receiving notice through one or more CRAs that Plaintiff disputed the accounts as identity theft, and despite the disputes identifying which accounts did not belong to Plaintiff, each Defendant verified and/or continued furnishing its respective Disputed Fraudulent Account to one or more CRAs as belonging to Plaintiff, thereby misrepresenting Plaintiff and his creditworthiness by suggesting that Plaintiff was responsible for derogatory collection accounts he did not open, authorize, use, or benefit from, resulting in adverse action by prospective creditors.

**ANSWER: The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied.**

55. Notably, Plaintiff was incarcerated when the Disputed Fraudulent Accounts were opened, such that it was impossible for him to have established those accounts.

**<u>ANSWER</u>: MCM is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's "beliefs" in the foregoing paragraph of the Complaint and denies the same.**

56. Further, the address that Defendants verified was fraudulent and disputed.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph of the Complaint contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied as to MCM.**

57. Also, the names on the accounts were variations of Plaintiff's name, a sign of identity theft.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied.**

58. Still, each Defendant continued to furnish those derogatory accounts as belonging to Plaintiff despite receiving evidence that Plaintiff did not open those accounts.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph of the Complaint refer to records or documents that speak for themselves and contain statements and/or conclusions of law and, therefore, no response is required. To the extent the allegations are contrary to the records or documents to which they refer or the law, they are denied.**

59. As a result of Defendants' conduct, actions, and inactions, Plaintiff suffered damages as alleged herein.

**<u>ANSWER</u>: The allegations set forth in the foregoing paragraph are denied insofar as they are directed to MCM.**

60. Defendants' conduct, actions, and inactions were willful, rendering Defendants liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**ANSWER: The allegations set forth in the foregoing paragraph are denied insofar as they are directed to MCM.**

61. Alternatively, Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER: The allegations set forth in the foregoing paragraph of the Complaint contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied as to MCM.**

62. Plaintiff is entitled to recover attorneys' fees and costs from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER: The allegations set forth in the foregoing paragraph of the Complaint contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied as to MCM.**

## AFFIRMATIVE DEFENSES

MCM hereby sets forth the following affirmative and other defenses to the Complaint. By asserting the defenses set forth below, MCM does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does MCM admit that Plaintiff is relieved of his burden to prove each and every element of his claims and the damages, if any, to which he is entitled. MCM reserves the right to amend its Affirmative and Other Defenses to Plaintiff's Complaint to conform to the evidence as determined in discovery or at trial.

1. Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against MCM and fails to state facts sufficient to entitle Plaintiff to the relief sought therein. The Complaint should therefore be

dismissed pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

2. MCM denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff.

3. Plaintiff cannot recover from MCM to the extent that any damages that Plaintiff may have suffered, which MCM continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

4. Plaintiff cannot recover from MCM to the extent that any damages Plaintiff may have or will suffer as alleged in the Complaint, which MCM continues to deny, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom MCM had no control, and for whose conduct MCM is not responsible, which bars or diminishes any recovery by Plaintiff against MCM.

5. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages.

6. Plaintiff's claims fail to the extent that, at all times relevant with respect to Plaintiff, MCM acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

7. Plaintiff has not sufficiently alleged, nor can Plaintiff prove, that MCM willfully violated the Fair Credit Reporting Act.

8. Plaintiff's claims for punitive damages fail to the extent that the Complaint fails to state a claim for relief for punitive damages.

9. Plaintiff cannot recover from MCM for punitive or statutory damages on the grounds that any award of punitive or statutory damages would be impermissible under the Due

Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim. Stating further, any award of punitive or statutory damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

10. MCM avers that Plaintiff's claims may be subject to an Arbitration Agreement requiring mandatory and binding arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

11. MCM avers Plaintiff's claims may be subject to setoff for any amounts due or owing.

12. MCM reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses and reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

WHEREFORE, Defendant Midland Credit Management, Inc., by counsel, respectfully requests that the Court dismiss Count I of the Complaint with prejudice, enter judgment in favor of MCM and against Plaintiff, and award MCM such other and further relief as the Court may deem just and appropriate.

Dated: September 2, 2026

Respectfully Submitted,

*/s/ Andrew D. Bullard*

Andrew D. Bullard (ct29802)
Troutman Pepper Locke LLP
1 Landmark Square

Suite 1650
Stamford, CT 06901
Tel. No.: 203-975-7505
Fax: 203-975-7180
Email: andrew.bullard@troutman.com

***ATTORNEY FOR DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 2, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

*/s/ Andrew D. Bullard*
Andrew D. Bullard