**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| LUIS ANDINO SALGADO,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC., AND RESURGENT CAPITAL SERVICES LP,<br><br>Defendants. | **Case No. 3:26-cv-917** |

**DEFENDANT RESURGENT CAPITAL SERVICES, LP'S RESPONSE TO PLAINTIFF'S COMPLAINT**

Defendant, Resurgent Capital Services, LP ("Defendant" or "Resurgent"), responds to the Complaint of Plaintiff, Luis Daniel Andino Salgado ("Plaintiff"), as follows:

## I. PRELIMINARY STATEMENT

### A. The Debt

This matter arises out of the credit issued to Plaintiff (the "Account"). LVNV Funding, LLC ("LVNV") ultimately acquired the Account for collections. Defendant Resurgent is the Master Servicing Agent for LVNV.

### B. The Action

Plaintiff has served a Complaint dated June 8, 2026. Plaintiff has extended Defendant's time to respond to the Complaint until August 28, 2026. The Court further granted an extension of Defendant's time to respond to the Complaint until September 2, 2026. Accordingly, Defendant now responds to the Complaint by filing the within Answer.

## II. IN RESPONSE TO THE COMPLAINT

**In Response to the "INTRODUCTION"**

1. Paragraph 1 contains legal conclusions to which a response is not required. Defendant respectfully refers all questions of law to the within Court.

**In Response to "PARTIES"**

2. Paragraph 2 contains legal conclusions to which a response is not required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 2.
3. Paragraph 3 contains legal conclusions to which a response is not required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 3.
4. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.
5. Paragraph 5 contains legal conclusions to which a response is not required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant admits that Resurgent is headquartered in Greenville, South Carolina. In addition, to the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 5.
6. Defendant admits that Resurgent was served in this matter via service to its registered agent, Corporation Service Company.

**In Response to "JURISDICTION AND VENUE"**

7. Paragraph 7 contains legal conclusions to which a response is not required. Defendant respectfully refers all questions of law to the within Court.
8. Paragraph 8 contains legal conclusions to which a response is not required. Defendant respectfully refers all questions of law to the within Court.

**In Response to "FACTUAL ALLEGATIONS"**

9. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 9.
10. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 10.
11. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 11.
12. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 12.
13. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 13.
14. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 14, but admits that Defendant LVNV owns a Debt matching the account information in the Complaint.
15. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 15.
16. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 16.

17. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 17.

18. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 18.

19. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 19.

20. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 20.

21. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 21.

22. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 22.

23. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 23.

24. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 24.

25. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 25.

26. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 26.

27. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 27. In addition, LVNV denies the remaining allegations in the Paragraph 27.

28. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 28.

**In Response to "Plaintiff's Dispute to the CRAs in February 2025"**

29. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 29.
30. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 30.
31. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 31.
32. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 32.
33. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 33.
34. Defendant denies the allegations made in Paragraph 34.
35. Paragraph 35 contains legal conclusions to which a response is not required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant denies the allegations made in Paragraph 35.
36. Defendant denies the allegations made in Paragraph 36.
37. Paragraph 37 contains allegations related to other furnishers, to which Defendant denies knowledge or information sufficient to form a belief as to. Defendant denies the remaining allegations made in Paragraph 37.
38. Defendant denies the allegations made in Paragraph 38.
39. Defendant denies the allegations made in Paragraph 39.
40. Defendant denies the allegations made in Paragraph 40.

41. Paragraph 41 contains legal conclusions to which a response is not required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant denies the allegations in Paragraph 41.

**In Response to "Plaintiff's Damages"**

42. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 42.

43. Defendant denies the allegations made in Paragraph 43.

44. Paragraph 44 contains legal conclusions to which a response is not required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant denies the allegations in Paragraph 44.

45. Paragraph 45 contains legal conclusions to which a response is not required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant denies the allegations in Paragraph 45.

46. Paragraph 46 contains legal conclusions to which a response is not required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant denies the allegations in Paragraph 46.

47. Paragraph 47 consists of speculative assertions and legal conclusions to which no response is required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to allegations in Paragraph 47. With respect to the alleged damages, Defendant denies the allegations in Paragraph 47.

48. Defendant denies knowledge or information sufficient to form a belief as to allegations in Paragraph 48. In addition, Defendant denies that LVNV inaccurately reported information concerning Plaintiff's Account to the CRAs.

49. Paragraph 49 consists of speculative assertions and legal conclusions to which no response is required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to allegations in Paragraph 49 and further denies that LVNV inaccurately reported information concerning Plaintiff's Account to the CRAs.

50. Defendant denies knowledge or information sufficient to form a belief as to allegations in Paragraph 50.

**<u>In Response to "Count I. 15 U.S.C. § 1681s-2(b)<br>Failure to Conduct a Reasonable Investigation"</u>**

51. Paragraph 51 contains legal conclusions to which a response is not required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 51.

52. Paragraph 52 consists of speculative assertions and legal conclusions to which no response is required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant denies that LVNV inaccurately reported information concerning Plaintiff's Account to the CRAs.

53. Paragraph 53 consists of speculative assertions and legal conclusions to which no response is required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Paragraph 54 consists of speculative assertions and legal conclusions to which no response is required. Defendant respectfully refers all questions of law to the within

Court. To the extent a response is required, Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies knowledge or information sufficient to form a belief as to allegations in Paragraph 55.

56. Defendant denies knowledge or information sufficient to form a belief as to allegations in Paragraph 56.

57. Defendant denies knowledge or information sufficient to form a belief as to allegations in Paragraph 57.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Paragraph 59 consists of legal conclusions to which no response is required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Paragraph 60 consists of legal conclusions to which no response is required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Paragraph 61 consists of legal conclusions to which no response is required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Paragraph 62 consists of legal conclusions to which no response is required. Defendant respectfully refers all questions of law to the within Court. To the extent a response is required, Defendant denies the allegations contained in Paragraph 62 of the Complaint.

**In Response to “Prayer for Relief”**

63. Defendant denies the allegations set forth within the WHEREFORE clause and leaves Plaintiff to his proofs.

**In Response to "Jury Demand"**

64. Defendant LVNV objects to Plaintiff's demand for a jury trial.

## III. AFFIRMATIVE DEFENSES

65. Plaintiff fails to allege facts sufficient to state a claim upon which relief may be granted.

66. Plaintiff lacks standing.

67. Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata

68. Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

69. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

70. Plaintiff's allegations of wrongdoing against Defendant cannot give rise to a claim.

71. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

72. Plaintiff's claims are barred, in whole or in part, because any damages or injuries allegedly suffered were not legally caused by any act or omission on the part of the Defendant.

73. Plaintiff's claims are barred, in whole or in part, because any damages or injuries allegedly incurred were caused, in whole or in part, by intervening actors and not by any acts or omissions on the part of the Defendant.

74. Plaintiff's claims are barred, in whole or in part, because any damages or injuries allegedly incurred were caused, in whole or in part, by Plaintiff's own actions, omissions, and/or negligence.

75. Plaintiff's claims are barred, in whole or in part, by laches, equitable estoppel, waiver or other related equitable defenses.

76. Plaintiff's claims are barred, in whole or in part, because of inequitable conduct and unclean hands.

77. Defendant is not a debt collector as defined by the FDCPA.

78. Plaintiff is not a consumer as defined by the FDCPA.

79. Plaintiff's complaint is barred by an applicable arbitration clause.

80. Defendant reserves the right to raise additional defenses not asserted herein of which it becomes aware through discovery or investigation, as may be appropriate at a later time.

**WHEREFORE,** Defendant requests that the Court enter an Award in its favor against Plaintiff, as follows:

a) Awarding Defendant's costs, attorneys' fees and disbursements;

b) Dismissing Plaintiff's Complaint in its entirety, with prejudice, on the merits, and at its cost; and

c) Awarding Defendant any such other and further relief as this Court deems just and proper.

Dated: September 2, 2026

Respectfully submitted,

*/s/ Jonathan M. Robbin*________________
Jonathan M. Robbin, Esq.
**J. ROBBIN LAW**
200 Business Park Drive, Suite 103
Armonk, New York 10504
T: (914) 685-5016
jonathan.robbin@jrobbinlaw.com
*Attorney for Defendant, Resurgent Capital Services, LP*