**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LUIS DANIEL ANDINO SALGADO,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., AND RESURGENT CAPITAL SERVICES LP,<br><br>Defendants. | Case No.: 3:26-cv-00917-VAB |

**26(f) REPORT OF PARTIES' PLANNING MEETING**

| | |
|---|---|
| **Date Complaint Filed:** | **June 8, 2026** |
| **Date Complaint Served:** | **July 14, 2026**<br>*Midland Credit Management, Inc*<br>**July 15, 2026**<br>*Resurgent Capital Services, LP.* |
| **Date of Defendants' Appearance:** | **August 13, 2026**<br>*Resurgent Capital Services, LP*<br>**August 7, 2026**<br>*Midland Credit management, Inc.* |

Pursuant to Fed. R. Civ. P. 16(b), Fed. R. Civ. P. 26(f), and D. Conn. L. Civ. R. 16, a 26(f) conference was held on **September 16, 2026**. The participants were:

Emanuel Kataev for Plaintiff Luis Daniel Andino Salgado

Andrew Douglas Bullard for Defendant Midland Credit Management, Inc.

Jonathan M. Robbin for Defendant Resurgent Capital Services LP

***I. Certification***

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties'

claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## *II. Jurisdiction*

### *A. Subject Matter Jurisdiction*

Plaintiff asserts this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p (allowing FCRA claims to be brought in any "court of competent jurisdiction").

Midland Credit management, Inc and Resurgent Capital Services, LP do not contest venue in this matter.

### *B. Personal Jurisdiction*

N/A

## *III. Brief Description of Case*

### *A. Claims of Plaintiff/s:*

This action, filed on June 8, 2026 (Docket No. 1), arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. by Defendants Midland Credit Management, Inc and Resurgent Capital Services LP.

Plaintiff contends that the Defendants Midland Credit Management Inc and Resurgent Capital Services LP violated 15 U.S.C. § 1681s-2(b) by failing to investigate Plaintiff's disputes, including failing to review all relevant information and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information relating to Plaintiff to the national credit bureaus and by failing to cease furnishing inaccurate information relating to Plaintiff to the national credit bureaus. Defendants Midland Credit Management, Inc and Resurgent Capital

Services, LP, refused to remove information that was apparently product of identity theft. Defendants Midland Credit Management, Inc and Resurgent Capital Services, LP, violated 15 U.S.C. § 1681 by failing to investigate Plaintiff's disputes, including failing to review all relevant information and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information relating to Plaintiff to the national credit bureaus and by failing to cease furnishing inaccurate information relating to Plaintiff to the national credit bureaus. Defendants Midland Credit Management, Inc and Resurgent Capital Services, LP, refused to remove information that was apparently product of identity theft.

Notably, Plaintiff was incarcerated when the Disputed Fraudulent Accounts were opened, such that it was impossible for him to have established those accounts

Also, the names of the accounts were variations of Plaintiff's name, a sign of identity theft. Still, each defendant continued to furnish those derogatory accounts as belonging to Plaintiff despite receiving evidence that Plaintiff did not open these accounts.

Specifically, as a result of Defendants' conduct, action, and inaction, Plaintiff suffered damages as alleged herein and were willful, rendering Defendants liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n.

***B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendant:***

<u>Defendant Midland Credit Management, Inc:</u> Midland denies the allegations as summarized above and as alleged in Plaintiff's Complaint insofar as Plaintiff alleges that Midland violated the Fair Credit Reporting Act. In addition, Midland asserts several affirmative defenses, including that Plaintiff fails to state a claim upon which relief may be granted and Plaintiff lacks standing to pursue his claims.

Defendant Resurgent Capital Services LP: Resurgent denies the allegations made above and in Plaintiff's Complaint insofar as those allegations are made against Resurgent. Resurgent's conduct did not violate the Fair Credit Reporting Act. In addition, Resurgent asserts several affirmative defenses, including that Plaintiff fails to state a claim upon which relief may be granted and Plaintiff lacks standing to pursue his claims.

***C. Defenses and Claims of Third Party Defendant:***

None.

***IV. Statement of Undisputed Facts***

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute and that they expect to be able to prepare a list of undisputed facts after conducting discovery.

***V. Case Management Plan:***

***A. Initial Disclosures***

Initial disclosures will be served by **September 30, 2026.**

***B. Scheduling Conference***

1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

***C. Early Settlement Conference***

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement, if any, would be likely to be resolved informally between the

parties.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

***D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings***

The Parties reserve the right seek leave to amend any pleadings or join any parties.

***E. Discovery***

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiff's Position: Discovery has not yet been taken. Plaintiff anticipates serving written discovery requests after the Rule 26(f) conference. Plaintiff agrees that the Federal Rules of Civil Procedure will govern discovery and does not request any modifications of the discovery rules. Plaintiff anticipates the need for written discovery, third-party discovery, depositions and expert discovery. Plaintiff reserves the right to utilize other permitted means of discovery as might be necessary.

Defendant Midland Credit Management's Position: Midland anticipates serving written discovery requests, depositions of fact witnesses, and expert discovery in accordance with the Federal Rules of Civil Procedure. Midland reserves the right to seek additional discovery as the needs of the case dictate.

Defendant Resurgent Capital Services LP's Position: Resurgent intends to serve written

discovery requests and interrogatories, per the Federal Rules of Civil Procedure. Resurgent intends to utilize depositions. Further, Resurgent reserves the right to seek other means of discovery, as needed.

b. The parties anticipate that discovery will be needed on the following subjects: [list each of the principal issues of fact on which discovery will be needed; a statement that, e.g., "discovery will be needed on liability and damages" is insufficient].

Plaintiff anticipates conducting discovery on the following subjects:

a) The circumstances surrounding Defendants' receipt, handling, and processing of Plaintiff's credit disputes, internal tracking logs used upon receiving notice of the identity theft from the consumer reporting agencies;

b) Defendant's internal record management focusing on the failure to permanently fix or delete the wrong information, the internal mistakes that allowed the wrong data to be reported again, and all communication records showing they kept sending fraudulent information to the credit bureaus after being notified;

c) The actual actions taken by Defendants in response to their receipt of Plaintiff's dispute(s);

d) Defendants Midland Credit Management, Inc and Resurgent Capital Services, LP's policies and procedures regarding the prevention of the reappearance of inaccurate information, in compliance with 15 U.S.C. § 1681i;

e) Defendant Midland Credit Management, Inc and Resurgent Capital Services, LP's policies and procedures regarding investigation of the disputed information and review of all relevant information provided by the consumer, in compliance with 15 U.S.C. § 1681c-2b;

f) Third party discovery necessary to establish causation and damages.

<u>Defendant Midland Credit Management, Inc:</u> Midland anticipates discovery will relate to Plaintiff's credit history, communications between the parties, the disputes alleged by Plaintiff, and purported damages and harm suffered by Plaintiff. Midland reserves the right to conduct discovery relating to other topics as they become relevant to the pending litigation.

Defendant Resurgent Capital Services, LP: Resurgent intends to conduct discovery on topics related to Plaintiff's credit history, the alleged disputes made by Plaintiff, and communications between Plaintiff and Defendants. Resurgent reserves the right to expand the scope of its discovery as needed to obtain relevant, probative documents and information.

All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by **August 12, 2027**.

c. Discovery will not be conducted in phases.

d. If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by. **Not Applicable.**

e. The parties anticipate that the plaintiff will require a total of ___ depositions of fact witnesses and that Defendant Midland will require a total of ____depositions of fact witnesses, Defendant Resurgent will require a total of ____depositions of fact witnesses.

The depositions will commence by **December 1, 2026,** and be completed by **December 30, 2026**.

f. The parties will not request permission to serve more than **25** interrogatories.

g. Plaintiff intends to call expert witnesses at trial.

Defendant Midland does not anticipate using expert witnesses in this matter, save for rebuttal, but reserves the right to call expert witnesses in its case in chief if the need arises.

Defendant Resurgent does not, at this time, anticipate using expert witnesses in this matter, save for rebuttal. Resurgent reserves the right to retain an expert witness in the event it deems necessary at a later date.

**h.** Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the

burden of proof by **June 13, 2027.** Deposition of any such experts will be completed **by August 12, 2027.**

i. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **June 27, 2027.** Depositions of any such experts will be completed by **July 27, 2027.**

j. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **September 30, 2026.**

k. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information. Following is the position of each party:

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention

from the Court.

l. Undersigned counsel after consultation with their clients and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text, to the extent available. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

Electronic service:

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Luis Daniel Andino Salgado | Emanuel Kataev<br>(ekataev@consumerattorneys.com)<br>Yaear Weintroub<br>(yweintroub@consumerattorneys.com)<br>Irina Iakovleva<br>(iiakovleva@consumerattorneys.com)<br>Ann Stevenson<br>(astevenson@consumerattorneys.com) |
| Defendant Midland Credit Management, Inc. | Andrew Douglas Bullard<br>(andrew.bullard@troutman.com)<br>loumarie.sanchez@troutman.com |
| Defendant Resurgent Capital Services, LP | Jonathan M Robin<br>(Jonathan.robbin@jrobbinlaw.com) |

| | |
|---|---|
| | Mary T Curry (mary.curry@jrobbinlaw.com) |

m. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or any Defendant determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or any Defendant may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence

502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by the Standing Protective Order entered on January 29, 2026 [ECF No. 7].

**F. Other Scheduling Issues**

The parties have no other scheduling issues to address at this time.

**G. Summary Judgment Motions:**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before **September 11, 2027**.

**H. Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **November 10, 2027**.

**VI. TRIAL READINESS**

The case will be ready for trial by **December 10, 2027**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: September 21, 2026

*/s/ Yaear Weintroub*
Yaer Weintroub, NY Bar # 6153431
*Admitted Pro Hac Vice*
**CONSUMER ATTORNEYS**
68-29 Main Street
Flushing NY 11367
T: (718) 576-1863
F: (718) 247-8020
E: yweintroub@consumerattorneys.com

Emanuel Kataev, Esq. Bar# 435851
Consumer Attorneys PLLC
68-29 Main Street

*/s/ Andrew Douglas Bullard*
Andrew Douglas Bullard. (ct29802)
**Troutman Pepper Locke LLP**
1 Landmark Sqare
Suite 1650,
Stamford, CT 06901
T: (203) 975-7505
Andrew.bullard@troutman.com

*Attorney for Defendant*
*Midland Credit Management, Inc.*

Flushing NY 11367
T: (718) 412-2421 (office)

*Attorney for Plaintiff*
*Luis Daniel Andino Salgado*

*/s/ Jonathan M.Robbin, Esq.*
Jonathan M. Robbin, Esq.
**J. Robbin Law**
200 Business Park Drive, Suite 103
Armonk, New York 10504
T: (914) 685-5016
Jonathan.robbin@jrobbinlaw.com

*Attorneys for Defendant,*
*Resurgent Capital Services, LP*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

By: */s/ Amelia Ducat*